UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*ELECTRONICALLY FILED*

| | |
|---|---|
| NORTON HOSPITALS, INC.<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY, et al.<br><br>Defendants. | Case No. 3:26-CV-00350-CHB |

**DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## I. INTRODUCTION

Plaintiff Norton Hospitals, Inc.'s ("Norton") Complaint ignores a cardinal rule of personal jurisdiction jurisprudence: that a party should be able "to structure [its] primary conduct with some minimum assurance as to where that conduct will and will not render [it] liable to suit." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (holding that general jurisdiction cannot exist unless the defendant's contacts with the forum state are so pervasive they render it "at home" there).

Defendant Blue Cross Blue Shield of Michigan Mutual Insurance Company ("BCBSM")—a non-profit mutual insurance company—is organized under the laws of Michigan and maintains its principal place of business in Detroit. BCBSM is not licensed or authorized to do business in

Kentucky, does not have a registered agent in the state, does not maintain any offices in Kentucky, and does not have any employees or bank accounts in the state. Simply put, BCBSM does not have sufficient contacts with Kentucky to satisfy Kentucky's long-arm statute, or support a finding of general or specific personal jurisdiction in the state.

Moreover, while Norton appears to suggest that personal jurisdiction is proper because BCBSM offers nationwide health insurance coverage through a "Blue Card" program, "courts examining the BlueCard program have concluded that the provision of out-of-area health coverage to members of the various Blue Cross or Blue Shield entities throughout the United States does not create sufficient contacts to establish jurisdiction where the medical services are rendered[.]" *C.C. v. California Physicians' Srvs*, No. 4:21-cv-10-DN-PK, 2021 WL 3207853, *4 (D. Utah July 29, 2021). And "[t]he weight of authority [] holds that an out-of-state insurer does not subject itself to personal jurisdiction in a forum state by verifying coverage for treatment of the insured in that state and paying some of the bills for that treatment." *St. Luke's Episcopal Hosp. v. La Health Serv. & Indem. Co.*, No. H-08-1870, 2009 WL 47125, *8 (S.D. Tex. Jan. 6, 2009). This Court should, respectfully, follow the "weight of authority," grant BCBSM's Motion to Dismiss, and dismiss the claims against BCBSM for lack of personal jurisdiction.

## II. <u>LEGAL STANDARD</u>

A Rule 12(b)(2) motion challenges whether a federal court has personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). "In the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing the court has jurisdiction." *Carter v. Paschall Truck Lines, Inc.*, 388 F. Supp. 883, 887 (W.D. Ky. 2019).

"Personal jurisdiction may be found either generally or specifically." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012). "General jurisdiction depends on continuous and systematic contact with the forum state, so that the courts may exercise jurisdiction over any claims a plaintiff may bring against the defendant." *Id.* at 678-79. By contrast, specific jurisdiction exists only when the plaintiff's cause of action arises from conduct covered by Kentucky's long-arm statute[1] and comports with due process. *Bell v. Kokosing Ind., Inc.*, No. 23-5791, 2024 WL 3549581, *5 (6th Cir. July 26, 2024).

## III. FACTUAL BACKGROUND

Norton is a not-for-profit public benefit corporation that provides medical care to patients in Kentucky. Compl., ECF No. 1-1, PageID #7, ¶ 3. BCBSM is a non-profit mutual insurance company organized under the laws of the State of Michigan. **Exhibit A**, declaration of Elizabeth Irick, ¶ 2. BCBSM's principal place of business is in Detroit, Michigan. *Id.*; ECF No. 1-1, PageID #7, ¶ 5.

As alleged in the Complaint, Norton contracts with non-party Blue Cross of Kentucky ("BCK") (the "Contract") to provide medical care to patients insured by BCK. ECF No. 1-1, PageID #21, ¶¶ 76-77. The Contract requires Norton to treat patients insured by members of the Blue Cross Blue Shield Association. *Id.* at ¶ 77. BCBSM is an independent licensee of the Blue Cross Blue Shield Association, but neither negotiated nor executed the Contract and is not a party to the Contract. *Id.* ("…BCBSM[] was not a signatory to or obligee of the Contract[.]").

---

[1] "Because this is a diversity suit, [Plaintiff] need[s] to demonstrate that the forum state could have exercised personal jurisdiction over [BCBSM]." *Id.*; *Papa John's Intern., Inc. v. Entertainment Marketing & Comm'n Intern., Ltd.*, 381 F. Supp. 2d 638, 641 (W.D. Ky. 2005) ("To determine whether specific jurisdiction exists over a nonresident defendant in a diversity action, the Court must apply the law of the state in which it sits.").

Notwithstanding Norton's admission that BCBSM never signed the Contract and is not obligated under the Contract (*Id.*), Norton on April 2, 2026, filed suit against BCBSM for "fail[ing] to pay [Norton] fully and properly [] for [] medically necessary services, supplies, and/or equipment rendered to Patients" pursuant to the terms of the Anthem Contract. *Id.* at PageID #10, ¶ 21. According to Norton, it entered into an "implied-in-fact" contract with BCBSM by virtue of BCBSM's "Blue Card membership," a national program that enables members of one Blue Cross Blue Shield Plan to obtain health care services while traveling or living in another service area. *Id.* at PageID #22, ¶ 79; Ex. A, at ¶ 11.

BCBSM is not licensed or authorized to do business in Kentucky, nor does it have a registered agent for service of process in the state. Ex. A, ¶ 4. BCBSM does not maintain any offices in Kentucky, does not lease or own any real property in the state, and does not have any employees or bank accounts in Kentucky. BCBSM's claims processing/administration functions are all conducted in Michigan. *Id.*, ¶¶ 5-6, 9. And while Norton alleges that BCBSM "approved admissions" of Norton patients, and provided "authorization numbers" for same pursuant to the Blue Card program, none of those communications were initiated by BCBSM. ECF No. 1-1, PageID #14, ¶ 36 (Plaintiff "submitted the claims electronically in [BCBSM's] required format").

BCBSM now moves to dismiss for lack of personal jurisdiction.

## IV. <u>ARGUMENT</u>

### A. This Court Lacks General Personal Jurisdiction Over BCBSM.

A court may exercise general personal jurisdiction over a corporation only when its contacts are so "continuous and systematic" as to "render [it] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Supreme Court has identified two "paradigmatic" places where a defendant is "at home" for purposes of general jurisdiction – the state of the corporation's principal place of business and the state of its

incorporation. *Daimler*, 571 U.S. at 137. Only in an "exceptional case" will general jurisdiction be available anywhere else. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017).

It is undisputed that BCBSM is not a Kentucky corporation and that its principal place of business is not in Kentucky. Instead, BCBSM is a Michigan mutual insurance company headquartered in Detroit. Ex. A, at ¶ 2. Thus, this would have to be an "exceptional case" for BCBSM to be considered "essentially at home" in Kentucky such that it is subject to general personal jurisdiction in this state. This case is nothing of the sort. BCBSM is not licensed to do business in Kentucky. Ex. A, ¶ 4. It has no registered agent for service of process in Kentucky. *Id.* It has no offices and owns no property in Kentucky. *Id.* ¶ 5. And none of its claims processing/administration functions are performed within the state. *Id.* ¶ 9.

Simply put, BCBSM does not have any contacts with Kentucky that would render it "at home" in the state. Thus, BCBSM is not subject to general personal jurisdiction in Kentucky. *See, e.g.*, *Morris Aviation, LLC v. Diamond Aircraft Industries, Inc.*, 730 F. Supp. 2d 683, 690 (W.D. Ky. 2010) (finding that no general personal jurisdiction existed over the defendant where it had no offices in Kentucky, was not licensed to do business in state, did not direct business operations from the state, and did not maintain a bank account there).

**B. This Court Lacks Specific Personal Jurisdiction Over BCBSM.**

Kentucky courts undertake a "two-step process" when determining whether specific personal jurisdiction may be exercised over a defendant. *Reid v. Tenant Tracker, Inc.*, 685 F. Supp. 3d 465, 472 (W.D. Ky. 2023), citing *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011).[2] First, the court determines whether the defendant's conduct falls within one of the

[2] Kentucky amended its long-arm statute effective July 15, 2024. *Bell v. Kokosing Ind., Inc.*, No. 23-5791, 2024 WL 3549581, *5 (6th Cir. July 26, 2024), citing Ky. Rev. Stat. § 446.080(3). The amendment is not retroactive and thus the Court must "apply the long-arm statute that was in effect at the time of filing" on July 8, 2024. *Id.*

specific provisions in KRS 454.210(2)(a). *Id.*[3] Second, if jurisdiction is "permissible under the long-arm statute, the court must determine whether jurisdiction comports with federal due process requirements." *Id.*

**1. BCBSM does not "transact business" in Kentucky.**

Norton alleges that BCBSM is subject to personal jurisdiction under KRS § 454.210 because it conducts business within the Commonwealth, including Jefferson County." ECF No. 1-1, PageID #8, ¶ 9. Norton is wrong.

To "transact business" in Kentucky for purposes of the long-arm statute, "the question becomes whether there was 'a course of direct, affirmative actions within a forum that result in or solicit a business transaction.'" *Estate of Gibson by and through Shadd v. Daimler North Am. Corp.*, 638 F. Supp. 3d 735, 744 (E.D. Ky. 2022). "To answer that question, Kentucky state courts look at a few things: where the defendant's customers came from, where the defendant's revenue came from, whether the defendant solicited business in Kentucky, and whether the defendant's actions were isolated or numerous." *Id.*

In *Estate of Gibson*, for example, the plaintiff was killed in an automobile accident in Kentucky while hauling a trailer manufactured by the defendant. *Id.* at 739. But because the defendant was a Texas company—and did not have customers in Kentucky, generate revenue from Kentucky, or advertise in Kentucky—it did not "transact business" in the state for purposes of satisfying the long-arm statute. *Id.* at 744. This was true despite the fact that the defendant was registered with the Kentucky Secretary of State and had attended an annual trucking show in Louisville. *Id.* As the court noted, the defendant "lacked all the hallmarks of a business presence

[3] When interpreting a state's long-arm statute, the interpretation of the state's highest court is dispositive. *Reid,* 685 F. Supp. 3d at 471.

in Kentucky: no offices or facilities, no PO boxes, no phone numbers, no employees, no advertising, no presence whatsoever." *Id.* As a result, the defendant did not "transact business" in Kentucky pursuant to the state's long-arm statute.

The same is true here for BCBSM. BCBSM—a Michigan headquartered company—does not generate revenue from Kentucky, does not advertise in the state, is not licensed or authorized to do business in Kentucky, and does not include any portion of Kentucky in its service area. Ex. A, ¶¶ 4, 7-8, 11. As in *Estate of Gibson*, BCBSM "lacks[] all the hallmarks of a business presence in Kentucky" and, thus, does not "transact business" here for purposes of KRS 454.210; *see also Certified Flooring Installation, Inc. v. Young*, 2024 WL 4216624, *6-7 (E.D. Ky. Sept. 17, 2024) (noting that "contacts in connection with a contract do not constitute 'transacting any business' when the defendant lacks any other considerable contacts with Kentucky," and holding that the defendant did not transact business in the state by virtue of an employment contract because "entering an employment relationship; communications via phone and email; and receiving compensation, benefits, and a vehicle are insufficient [where the defendant] lack[s] any other considerable contacts with Kentucky[.]"). As a result, this Court lacks specific personal jurisdiction over BCBSM.

**2. Exercising jurisdiction would violate federal due process.**

Even if BCBSM "transacted business" in Kentucky (and it does not), exercising personal jurisdiction over BCBSM would violate federal due process. "To satisfy due process, [Norton] must establish with reasonable particularity sufficient minimum contacts with [Kentucky] so that the exercise of jurisdiction over [BCBSM] would not offend traditional notions of fair play and substantial justice." *Babcock v. Anthony's LLC*, No. 3:12-cv-307, 2013 WL 6036689, *8 (W.D. Ky. Nov. 14, 2013). "The Sixth Circuit has distilled the due process requirements into a three part

test, each part of which must be met in order for a court to assert personal jurisdiction over an out-of-state defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.*

Cases from across the country illustrate that BCBSM *does not* have sufficient minimum contacts with Kentucky to satisfy federal due process. Indeed, the only facts in the Complaint tying BCBSM to Kentucky are allegations that BCBSM participates in the Blue Card program—meaning here that Norton contacted BCBSM to discuss insurance coverage, authorization, and payments relative to the patients identified in the Complaint. ECF No. 1-1, PageID #21, ¶ 77. But "[t]he weight of authority [across the country] holds that an out-of-state insurer does not subject itself to personal jurisdiction in a forum state by verifying coverage for treatment of the insured in that state and paying some of the bills for that treatment" (i.e. maintaining a Blue Card program). *St. Luke's*, 2009 WL 47125, at *8 (finding defendant insurer did not purposefully avail itself of the privilege of acting in the forum state).

In *St. Luke's*, for example, a Texas hospital sued Blue Cross Blue Shield Louisiana (BCBSLa) over its failure to pay a hospital bill for a BCBSLa-insured patient. *Id.* at *1. Prior to the hospital's treatment of the insured, the hospital sought and received authorization for the treatment. *Id.* A month after being discharged, the insured again sought treatment at the hospital and BCBSLa again gave its authorization. *Id.* at *2. BCBSLa tendered partial payment for the services, but disputed some of the charges. *Id.* The hospital sued BCBSLa in Texas for the unpaid balance, and BCBSLa moved to dismiss for lack of personal jurisdiction.

The hospital argued that personal jurisdiction existed over BCBSLa in Texas because BCBSLa participated in the "Blue Card Program," which allowed BCBSLa to receive whatever discounted rates in-state hospitals offered to in-state Blue Cross Blue Shield insurers. The court disagreed, reasoning that while BCBSLa "joined a national organization that allow[ed] it to obtain coverage and processing in all of the Blue Card Program members' states," it had "not contracted directly with a Texas entity" and there was no "Texas contract, [] contract between the parties, or [any] substantial connection to Texas" that would confer personal jurisdiction. *Id.* at *9.

The same is true here. BCBSM has not contracted directly with Norton, and thus, there is no Kentucky contract between the parties or any substantial connection to the state. ECF No. 1-1, PageID #21, ¶ 77 (alleging that "…BCBSM[] was not a signatory to or obligee of the Contract"). Rather, as in *St. Luke's*, BCBSM's only connection to Norton is the fact that Norton treated patients with "Blue Cards" and "contacted BCBSM[]" to determine eligibility under the plan. *Id.* at Page# 20, ¶ 72. But like *St. Luke's*, merely joining a national organization (Blue Cross Blue Shield Association) that allows BCBSM "to obtain coverage and processing in all of the Blue Card Program members' states" does not establish the minimum contacts necessary to confer personal jurisdiction.

Courts across the country agree. Other "courts examining the BlueCard program have concluded that the provision of out-of-area health coverage to members of the various Blue Cross or Blue Shield entities throughout the United States does not create sufficient contacts to establish jurisdiction where the medical services are rendered[.]" *C.C. v. California Physicians' Srvs*, No. 4:21-cv-10-DN-PK, 2021 WL 3207853, *4 (D. Utah July 29, 2021) (holding that "Blue Shield does not 'do business' in Utah through its participation in the BlueCard program."); *Dignity Health v. Blue Cross Blue Shield of Georgia, Inc.*, No. 25-cv-07336, 2026 WL 934194, *4 (N.D. Cal. Apr.

7, 2026) ("Plaintiff also argues that Blue Cross Georgia's participation in the BlueCard program is sufficient to establish specific jurisdiction. Courts across the county who have considered similar arguments have rejected them."); *Prime Neuro Spine Institute v. Blue Cross Blue Shield of Illinois*, No. 2:25-cv-01823, 2025 WL 2058201 (D.N.J. July 23, 2025) ("courts within the Third Circuit have determined that such payments and informational correspondence, initiated by a patient's travel, are too incidental to establish purposeful availment"); *Bayada Nurses, Inc. v. Blue Cross Blue Shield of Michigan*, No. 08-1241, 2008 WL 2945388, *4, 7 (E.D. Penn. July 30, 2008) (BCBSM's involvement in the Blue Card program did not confer jurisdiction over BCBSM in Pennsylvania because "BCBSM's contacts taken as a whole [were] insufficient to establishing the minimum contacts necessary to support a finding of general or specific jurisdiction"); *Craig Hospital v. Empire Healthchoice, Inc.*, No. 18-cv-00794-WYD-STV, 2019 WL 10258608, *4-7 (D. Colo. Apr. 1, 2019) (defendant health insurer was not subject to personal jurisdiction in Colorado by virtue of its participation in the Blue Card program—i.e., pre-approving the services at issue in the complaint, and communicating with plaintiff relative to insurance coverage, authorization, and payments—because "neither prong of the federal due process analysis [was] satisfied" based on these contacts); *Stanford Health Care v. Hawaii Med. Srvs. Ass'n*, No. 21-cv-06720-HSG, 2022 WL 4021759, *5 (N.D. Cal. Sept. 2, 2022) ("[Plaintiff's] allegations of [defendant]'s participation in the BlueCard program, [defendant]'s authorization of [plaintiff] medical services for patients insured by [defendant], and [defendant]'s alleged 'letter of agreement,' without asserting any conduct indicating direct targeting of California, do not

constitute some evidence tending to establish personal jurisdiction over the defendant.") (holding the plaintiff "ha[d] not made a prima facie showing [of] purposeful availment").[4]

BCBSM does not have sufficient minimum contacts with Kentucky to satisfy federal due process. And because exercising personal jurisdiction over BCBSM would "offend traditional notions of fair play and substantial justice" (*Babcock*, 2013 WL 6036689, at *8), BCBSM's Motion should be granted, and BCBSM should be dismissed from this action.

## V. CONCLUSION

For the foregoing reasons, BCBSM respectfully requests that the Court enter an order: (1) granting BCBSM's Motion to Dismiss for Lack of Personal Jurisdiction; (2) dismissing the Complaint against BCBSM; and (3) awarding any further relief the Court deems equitable and just.

---

[4] *See also Abira Med. Laboratories, LLC v. Anthem Blue Cross Blue Shield Missouri*, No. 23-4940, 2024 WL 170981, *4 (E.D. Pa. Apr. 19, 2024) (rejecting plaintiff's argument that the court had specific personal jurisdiction over Blue Cross Blue Shield Missouri simply because plaintiff submitted claims to the company in furtherance of its services, the services were performed in the forum state, and plaintiff communicated with the company concerning patient claims); *Ann D. v. Blue Cross and Blue Shield of Wyoming,* No. 2:20-cv-197-JNP, 2021 WL 535537, *4 (D. Utah Feb. 12, 2021) ("If courts were to adopt the approach suggested by Plaintiffs—holding that merely offering nationwide coverage sufficed to establish personal jurisdiction over an out-of-state insurer—nearly every insurer would be subject to personal jurisdiction in every state, no matter how attenuated the contacts with the state. But such a result is entirely inconsistent with the holding of the Supreme Court in *Walden* that a 'defendant's suit-related conduct must create a substantial connection with the forum State.'"); *Wiegering v. Blue Cross & Blue Shield of Mass., Inc.*, No. 16-23031-CIV, 2017 WL 1294907, *8-9 (S.D. Fla. Feb. 2, 2017) (finding insurer's contacts with Florida insufficient to confer personal jurisdiction where the insurer provided a health plan for a Boston-based employer, and its only connection to the forum was the employer's employees residing in Florida availing themselves of the plan); *Whittaker v. Med. Mut. of Ohio*, 96 F. Supp. 1197, 1199 (D. Kan. 2000) (no personal jurisdiction existed over Ohio insurer in Kansas, even where the insurer represented that it would cover treatment in Kansas and did pay for some of plaintiff's claims related to the treatment in Kansas); *Perez v. Pan Am. Life Ins. Co.*, 96 F.3d 1442, *1 (5th Cir. 1996) (no personal jurisdiction existed over insurer in Texas, even where the insurer's agent pre-approved treatment at a Houston medical center).

Respectfully submitted,

*/s/ Brian M. Johnson*
Brian M. Johnson (Bar No. 86995)
Kyle A. Girouard (Bar No. 98840)
Dickinson Wright PLLC
300 W. Vine Street, Suite 1700
Lexington, KY 40507
Phone: 859-899-8704
E-mail: bjohnson@dickinsonwright.com
kgirouard@dickinsonwright.com
*Counsel for Defendant*